IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

GERALD SWEARINGEN,                         Civ. No. 07-651-HO

                Plaintiff,                 ORDER

        v.

RENT-A-CENTER,

                Defendant.

    Plaintiff is a former employee of defendant.  Plaintiff's tort claims arise from alleged post-employment statements by defendant's agents that plaintiff embezzled money and stole property from defendant, and that plaintiff would be going to prison.  Defendant filed a motion to dismiss or stay proceedings and compel arbitration.

                              Background

    The "MUTUAL AGREEMENT TO ARBITRATE CLAIMS" signed by the parties provides,

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my application for employment, assignment/employment,

>    or the termination of my assignment/employment that . .
>    . I may have against . . . the Company . . ."
>    * * *
>    the claims covered by this Agreement include . . . tort
>    claims . . .
>    * * *
>    The Arbitrator, and not any federal, state or local
>    court or agency, shall have exclusive authority to
>    resolve any dispute relating to the interpretation,
>    applicability, enforceability or formation of this
>    Agreement including, but not limited to any claim that
>    all or any part of this Agreement is void or voidable.

Spratt Decl., ex. 1 at 1-3.

## Discussion

The parties dispute whether they agreed (1) to arbitrate plaintiff's claims, and (2) that the arbitrator is to decide whether they agreed to arbitrate plaintiff's claims.

"The question whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability, is an issue for judicial determination unless the parties clearly and unmistakable provide otherwise." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (internal quotations omitted).

Plaintiff contends that nothing in the agreement clearly and unmistakably provides that the arbitrator shall decide whether claims are subject to arbitration, and that he does not attack the interpretation, applicability or enforceability of the agreement as it relates to the claims identified in the agreement. The dispute over whether plaintiff's claims are subject to arbitration relates to the interpretation and

2 - ORDER

applicability of the agreement, which the parties clearly and unmistakably agreed that the arbitrator shall have exclusive authority to decide.

Plaintiff notes that defendant's own authority demonstrates that judges on this court have determined whether certain claims are within the scope of arbitration agreements identical to the parties' agreement.  See <u>Gray v. Rent-A-Center West, Inc.</u>, civ. no. 06-1508-HU (D. Or.) (Findings & Recommendation dated October 23, 2006); <u>Fontaine v. Rent-A-Center West, Inc.</u>, civ. no. 05-1485-KI (Order dated January 13, 2006); <u>Pliska v. Rent-A-Center West, Inc.</u>, civ. no. 05-1155-AS (Findings & Recommendation dated November 21, 2005).  These written decisions do not address the contract language providing the arbitrator with "exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of [the agreement] . . . ."  The briefing filed in these cases does not address this language either.

The arbitrator must determine whether plaintiff's claims are subject to the agreement.  Based on defendant's alternative request, the court will stay the case pending receipt of status reports regarding the progress of arbitration.

Conclusion

Based on the foregoing, defendant's motion to dismiss or stay proceedings and compel arbitration [#7] is granted to the

3 - ORDER

extent provided herein.  The case is stayed.  The deputy clerk shall contact counsel and set an appropriate deadline for a joint status report regarding the progress of arbitration.

    IT IS SO ORDERED.

    DATED this   28th   day of June, 2007.

                                                      s/ Michael R. Hogan
                                                    United States District Judge